[375]                WATKINS v. PINTARD.

1. The court may recommend to a jury to find a special verdict against the consent of either or both the parties.

2. In a special verdict, the jury are to find the agreement specially; they are not to say it was corruptly entered into—that being matter of inference for the court from the facts found.

3. Though a document may be in court, a party cannot compel its production without having given notice to produce it.

4. Nor if he has omitted to give such notice can anything be legally presumed from the circumstance of its not being exhibited.

In debt on a note. On a trial at bar upon a plea of usury, the following points were resolved by the court:

1st. That the court might recommend to the jury to find a

special verdict against the consent of either or even both of the parties. In this case the plaintiff dissented, but a verdict was found specially.

2d. In stating the evidence upon the verdict it became a question whether the jury should find the agreement as corrupt, or only find that it was agreed, &c. The court said they must only state the facts—whether corruptly or not was a consequence which the court was to infer from the facts found.

Williams, a witness who was called to prove the usury, on his cross-examination by the counsel for the plaintiff, was asked if he, as clerk of the defendant, did not keep a book in which these negotiations were entered *debtor* and *creditor* between Pintard and Duer; and whether the money received on this note was not entered in it. The witness replied there was such a book, which he had with him, but that he spoke from memory altogether in giving his testimony. The counsel for the plaintiff called for the book, which they insisted would prove a sale of the note, and not a loan, but the court would not compel the production of the book because no notice had been given to produce it.

The counsel for the plaintiff argued to the jury that from the defendant's not producing this book they were entitled to infer that it would, if laid before them, have proved a loan; but the court said no such inference could legally be drawn without notice to produce it.